and therefrom conclude that the defendant was guilty of negligence in not discharging its duty. Scherer v. Manufacturing Co., 86 Hun, 37, 33 N. Y. Supp. 205. It follows, therefore, that this claim of the defendant may not be sustained.

Nor do we think that error was committed in permitting the witness King to testify as to the permanent character of the plaintiff's injuries. He was not called for the purpose of testifying whether such condition as he found present when he made his examination was the result of the injuries alleged to have been received. Consequently, a history of the case had little or no bearing as forming a basis for the expression of his opinion. He detailed at length all of the conditions which he found present, and these conditions evidently formed the basis from which he reached his conclusion. The case is therefore different from Connelly v. Railway Co., 60 Hun, 495, 15 N. Y. Supp. 176, and Page v. Mayor, etc. (Sup.) 10 N. Y. Supp. 826. In each of those cases the inquiry was directed to whether the existing condition might have been produced by the injury, while in the present case the inquiry was, would her present condition be permanent or not? A history of the case was, therefore, not essential, and the witness stated fully the conditions which he found. In People v. McElvaine, 121 N. Y. 250, 24 N. E. 465, the question was somewhat different. There the issue was as to the sanity of the defendant at the time of the commission of the crime, and the witness was permitted to answer without disclosing the facts upon which he based his conclusion. It is apparent that such case has no application to the present one. In addition to this, the defendant has not raised the question which it seeks to present. No objection was made to the statement that he "got a history of the case," or to the question which produced such answer. The objection interposed was upon the ground of incompetency, while the exception presents the additional ground that it is incompetent and immaterial. The testimony was competent, because directed to her existing condition, and the witness was competent to testify, as he had qualified as an expert. The testimony was material. No suggestion appears in this objection that the witness was not disclosing the facts upon which he based his opinion, and the court was left clearly in the dark, as we should now be except for the insistence of counsel that any such point as now urged was intended to be presented. This point, even if good, which it is not, would not now be available.

It follows that the judgment should be affirmed, with costs. All concur.

(34 App. Div. 90.)

MUTUAL BEN. LOAN & BUILDING CO. v. JAEGER et al.

(Supreme Court, Appellate Division, Second Department. November 3, 1898.)

1. MORTGAGES—CONSTRUCTION—DEFAULT.

Under Laws 1890, c. 475, entitled "An act to provide for short forms of deeds and mortgages," providing the words, "And it is hereby expressly agreed that the whole of the said principal sum shall become due at the option of the mortgagee * * * after default in the payment of interest for —— days, or after default in the payment of any tax * * * for

——— days after notice and demand," shall be construed so that notice
and demand shall have reference to, and be required, only in case of
default in payment of taxes (section 4), and providing that "the sched-
ules hereto annexed contain forms of instruments such as are authorized
by this act, and shall be taken as a part thereof, but nothing herein con-
tained shall invalidate or prevent the use of other forms" (section 6),
and by Schedule C providing the short form of mortgage containing the
language given in section 4, such construction does not apply to a mort-
gage not made in contemplation of such act; so that, it not appearing
that a mortgage containing such language was drawn in respect to such
act, and the complaint to foreclose it having alleged that defendant has
failed to comply with the condition thereof by omitting to make a certain
monthly payment, "although notice has been given, and demand made
for the payment of the same," the mortgage will be held to require notice
and demand as to such payment.

**2.** FINDINGS OF FACT.
    The answer in an action to foreclose a mortgage having contained a
general denial, and the evidence not being in the record, a finding con-
tained in the conclusions of law of the referee that defendant was not
in default will be held a finding of fact.

Appeal from judgment on report of referee.

Action by the Mutual Benefit Loan & Building Company against
Mary E. Jaeger and another. From a judgment for defendants,
plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and WOODWARD, JJ.

William F. Wyckoff, for appellant.
Paul E. De Fere, for respondents.

WOODWARD, J. We are unable to find anything in the record of
the case now before us to warrant a reversal of the judgment en-
tered in the above-entitled action. The plaintiff, the Mutual Loan
& Building Company, is the owner of a certain bond and mortgage
given to secure the payment of $300, together with a second mortgage
for the sum of $1,500; and this action was brought for the purpose
of foreclosing the mortgage. The case was sent to a referee to hear
and determine the issues, and the appeal comes to this court on the
exceptions to "the ruling of the referee upon questions of law." The
appellant has made no "case," and the evidence taken before the
referee is not before us, and we must assume the facts to be as found
by the referee. He finds, as matters of fact, that the defendant Mary
E. Jaeger, on or about April 8, 1896, made and executed the mortgage
involved in this action, and that the same was duly recorded; that
said mortgage was in the usual form of a building and loan associa-
tion mortgage, and that it contained a specific clause that "after de-
fault in the payment of said monthly payments of eighteen (18) dol-
lars per month for six months, or of any taxes or assessments for
sixty days, after notice and demand, such notice and demand to be
made either by personal service of a written or printed notice, and
demand upon the grantor, or by mailing a written or printed notice
and demand in a sealed wrapper, postage prepaid, directed to the
grantor at her last post-office address as furnished by the grantor to
the grantee or its attorney at law, then shall be payable thereon the

sum of eighteen hundred dollars and interest, together with such other sums as may be due under rules, conditions, and by-laws mentioned in said bond," etc.; that the plaintiff attempted to give notice and demand "provided by the mortgage and alleged in the complaint" by mailing a certain notice to the husband of the defendant Jaeger, and that no notice and demand was ever given by the plaintiff to the defendant Jaeger prior to the beginning of this action. The referee then finds as conclusions of law that "the defendant Jaeger was not in default at the commencement of this action; that the complaint herein should be dismissed; that the defendant Jaeger is entitled to judgment herein dismissing the complaint, with costs; and I direct judgment to be entered accordingly."

It is urged on behalf of the appellant that the specific clause of the mortgage above set out is to be construed under the provisions of chapter 475 of the Laws of 1890, which provides:

"The words, 'And it is hereby expressly agreed that the whole of the said principal sum shall become due at the option of said mortgagee or obligee after default in the payment of interest for —— days, or after default in the payment of any tax or assessment for —— days after notice and demand,' shall be construed as meaning, and it is hereby expressly agreed, that should any default be made in the payment of the said interest, or of any part thereof on any day whereon the same is made payable as above expressed, or should any tax or assessment, which now is or may be hereafter imposed upon the premises hereinafter described, become due or payable, and should the said interest remain unpaid and in arrear for the space of —— days, or such tax or assessment remain unpaid and in arrear for —— days after written notice by the mortgagee or obligee, his executors, administrators, successors or assigns, that such tax or assessment is unpaid, and demand for the payment thereof, then and from thenceforth, that is to say, after the lapse of either one of said periods, as the case may be, the aforesaid principal sum" shall become due.

Chapter 475 of the Laws of 1890 is entitled "An act to provide for short forms of deeds and mortgages," and by section 6 of this act it is provided that:

"The schedules hereto annexed contain forms of instruments such as are authorized by this act, and shall be taken as a part thereof, but nothing herein contained shall invalidate or prevent the use of other forms."

Schedule C provides the short form of mortgage, and in this schedule is found the language, "And it is hereby expressly agreed that the whole of said principal sum," etc., as quoted above. It is apparent, then, that the language of the provision relied upon by the appellant relates to the clause found in Schedule C, and is not to furnish the construction for mortgages not made in contemplation of this act. There is nothing in the record to show that the clause in the mortgage now under consideration was drawn with respect to the provisions of the "Act to provide for short forms of deeds and mortgages," and, in the absence of such facts, there is no reason why the court should quarrel with the conclusion of the referee that "the defendant Jaeger was not in default at the commencement of this action." The appellant, in its complaint, construed the provision of its own written instrument. After setting forth the specific clause already quoted, the complaint avers that "the defendant Mary E. Jaeger has failed to comply with the conditions of said bond and mortgage by

omitting and refusing to pay the sum of eight and $^{50}/_{100}$ dollars, the balance of the monthly premium which became due and payable on the 1st day of December, 1896, upon her nine shares of Class E stock of the said plaintiff company, although notice has been given, and demand made for the payment of the same." This indicates clearly the view which the plaintiff took of the language of the mortgage, and, as the instrument was written in behalf of the plaintiff, it is proper that the defendants should be given that construction which is accepted by the plaintiff, and which is most favorable to the defendants.

There is another view of this question. The defendant Jaeger, in a motion to open the judgment originally taken by default, alleges that the $300 mentioned in the mortgage was not a loan to her; that it was a sum which the plaintiff was authorized to use in making certain improvements upon the mortgaged property, which improvements were either not made, or not made to an extent which would exhaust the fund; and that, if the proper credit were given her on account of her shares, she would not be in default. The answer put in was a general denial of the facts alleged in the complaint, and, in the absence of the evidence taken before the referee, this court is justified in assuming that the first conclusion of law is rather a finding of fact, and that the defendant Jaeger was not, as a matter of fact, in default at the time of the commencement of this action.

In the case of Travis v. Travis, 122 N. Y. 449, 25 N. E. 920, the court say:

"The claim that findings of fact appear under the head of conclusions of law in the report of the referee, and that the exceptions thereto gave the general term power to review the facts, is not well founded. An inspection of the report shows that certain facts, found as such in the body of the report, are alluded to in the conclusions of law in order to make plain the application of the law thereto. They are not excepted to as findings of fact, but as conclusions of law, eo nomine. As found under the head of matters of fact, they are not excepted to at all. The only exceptions taken are to the first, second, etc., conclusions of law, and to each and every part thereof. Hence, the exceptions did not operate as notice to the successful party that the appellant intended to insist that such facts, thus incidentally recited, had no evidence to support them; or place upon him the responsibility of adding by amendment any evidence upon the question that had been omitted from the proposed case."

In the case of Sherman v. Railroad Co., 64 N. Y. 254, the court say:

"The referee does not expressly find, as matter of fact, that the defendant was guilty of negligence; that is, there is not such a finding among the findings of fact. But among the conclusions of law there is a finding that the defendant was guilty of negligence, and, if an express finding of fact that the defendant was thus guilty were necessary to uphold this judgment, this would be deemed sufficient. A finding of negligence is, generally, an inference from many facts—from all the evidence in the case; and when it is found in the report of a referee, no matter where it is placed, it must be deemed his inference from all the evidence submitted to him upon the question."

So, in Re Clark, 119 N. Y. 427, 23 N. E. 1052, the court say:

"When the referee says, in his second conclusion of law, that the funds 'are presumed' to have come into the possession of Mrs. Clark, he evidently means that he draws that inference, and that such possession by her is a fact

which flows from the proof, and, while he might have stated it more pre-cisely and accurately, I think it fairly states the fact. That he placed it among his conclusions of law does not deprive it of its force."

The general term of the Fifth department held the same doctrine in the case of Evans v. Howell (Sup.) 27 N. Y. Supp. 46.

This being the law of the case, and the referee having found, as a matter of fact, that the defendant Jaeger was not in default at the time this action was brought, this court is not prepared, in the absence of the testimony taken at the trial, to say that this conclusion was not justified by the evidence.

It follows that the judgment should be affirmed, with costs. All concur.

CULLEN, J. (concurring). I am in favor of the affirmance of this judgment, and concur in the view expressed by Mr. Justice WOOD-WARD as to the construction of the covenant under which the plain-tiff claims the option of declaring the whole principal sum due. But, to use the judicial vernacular of the day, I think the question is "academic." The mortgage was given to secure the payment of monthly installments to become due upon certain shares of the plain-tiff's stock, as well as other debts. The complaint alleges that the defendant Jaeger has made default in the mortgage by failing to pay the sum of $8.50 monthly premium due on the 1st day of December, 1896. If the defendant did make this default, this action was prop-erly brought; and upon the right to maintain it the question of whether the whole principal sum had become due, or only the $8.50, is immaterial. If the defendant Jaeger was in default as to the pay-ment of $8.50, the judgment appealed from was erroneous. But the defendant, in her answer, denied all default, and the referee has not found any. We must therefore assume that the allegation that de-fendant has made default in the payment of the sum of $8.50 which became due on December 1, 1896, was unproved. It follows that on the record before us the judgment of the referee was correct. It may be that, if the appellant had printed the evidence in the case instead of the affidavits in proceedings on a motion to open the default previously taken in the cause, which have no possible bearing on the subject before us, the result of this appeal might be different.

WILLARD BARTLETT, J., concurs.