Silas B. Bumpus, Plaintiff, *v.* Charles E. Willett, Bessie Willett, His Wife, and John Harmon, Defendants.

(County Court, Chautauqua County, June, 1907.)

Mortgages — Title and rights of parties — Insurance — What constitutes default by mortgagor — Rights of mortgagee.

Foreclosure of mortgages on land — Foreclosure by action and sale — Pleadings and trial — Complaint — Allegations as to right to foreclosure.

> Where a mortgage contains a covenant to insure and provides that upon default by the mortgagor the mortgagee may insure and the premiums paid shall be added to the mortgage debt, an action is not maintainable upon an allegation that the defendant mortgagor has failed to keep the buildings insured and to assign the policy; and, in the absence of any allegation that plaintiff has procured insurance or that any demand was ever made upon the defendant for premium paid by the plaintiff for such insurance, the complaint does not state a cause of action.

> In such a case subdivision 3 of section 219 of the Real Property Law (L. 1896, ch. 547) does not confer upon the mortgagee the right to elect that the whole mortgage debt shall be due and payable immediately.

ACTION to foreclose a mortgage.  Motion to dismiss complaint.

Charles S. Grover, for plaintiff.

Edson & Crosby, for defendants.

OTTAWAY, Co. J.  This action is brought to foreclose a mortgage upon certain premises located in Chautauqua county.  There is no allegation in the complaint that the defendant is in default by reason of his failure to make any payment stipulated to be made by the terms of said mortgage. He claims a right to maintain his action upon the allegation that the defendant mortgagor has failed to comply with the terms and conditions of the mortgage by omitting to keep the buildings erected on said premises insured against loss or damage by fire and assign the policy and certificate thereof to the plaintiff.  The plaintiff alleges that he elects by reason of such failure to declare the whole sum owing upon said bond and mortgage due and payable.  He bases his right to make this election upon subdivision 3 of section 219 of article 7 of the Real Property Law.

The question has been presented to this court for determination upon a motion to dismiss the plaintiff's complaint upon the pleadings and upon the original bond and mortgage produced upon stipulation for the information of the court. The clause in plaintiff's mortgage which is the subject of controversy in this action reads as follows:  "And it is also agreed by and between the parties to these presents that the said party of the first part shall and will keep the buildings, erected and to be erected on the lands above conveyed, insured against loss or damage by fire by solvent insurers, and in an amount approved by the said party of the second part and assign the policy and certificate thereof to the said party of the second part, his heirs or assigns, and in default thereof it shall be lawful for the said party of the second part to effect such insurance as mortgagee, or otherwise, and the premium or premiums paid for effecting and continuing the same shall be a lien on said mortgaged premises and added

to the amount secured by these presents and payable on demand with interest. Any insurance money received shall be used in rebuilding the buildings."

It will be observed that the parties to the mortgage specifically defined the obligation of the parties in reference to the insurance and prescribed the remedy for the party plaintiff in case of the default of the party defendant to obtain the insurance agreed upon. It is apparent that the parties to the instrument elected to be bound by their covenant in the instrument contained. Under these circumstances the terms of the instrument are subject to the construction ordinarily and usually given to similar covenants. The case of Mutual Benefit Loan & B. Co. v. Jaeger, 34 App. Div. 90, seems to be conclusive upon this proposition.

In the absence of a provision of the mortgage that upon failure of the defendant to insure the property in question the plaintiff might elect to have the whole sum come due, the plaintiff is not in a position to maintain this action. Burt v. Saxton, 1 Hun, 551; Campbell v. Macombe, 4 Johns. Ch. 535.

Even if subdivision 3 of section 219 was applicable to this case, still the plaintiff could not recover. This subdivision provides, " a covenant ' that the mortgagor will keep the building on said premises insured against loss by fire, for the benefit of the mortgagee ' must be construed as meaning that the mortgagor, his heirs, successors and assigns will, during all the time until the money secured by the mortgage shall be fully paid and satisfied, keep the building erected upon the premises insured against loss or damage by fire to an amount and in a company approved by the mortgagee and will assign and deliver the policy or policies of such insurance to the mortgagee, his executors, administrators, successors or assigns, so and in such manner and form that he and they shall at all time and times until the full payment of said moneys have and hold the said policy or policies as a collateral and further security for the payment of said money. And in default of so doing, that the mortgagee or his executors, administrators or assigns, may make such insurance from year to year in a sum not exceeding the principal sum for the pur-

poses aforesaid, and pay the premium or premiums therefor, and that the mortgagor will pay to the mortgagee, his executors, administrators, successors or assigns, such premium or premiums, so paid, with interest from time of payment, on demand, and that the same shall be deemed to be secured by the mortgage and shall be collectible thereupon in like manner as the principal moneys, and in default of said payment by the mortgagor, his heirs, executors, administrators, successors or assigns, or of assignment or delivery of policies aforesaid, the whole of the principal sum and interest secured by the mortgage shall at the option of the mortgagee, his executors, administrators, successors, or assigns immediately become due and payable."

It will be observed that the construction to be given the clause that the mortgagor will keep the buildings upon said premises insured against loss by fire for the benefit of the mortgagee is, that in case of the default of the mortgagor to make such insurance the mortgagee may cause the insurance to be made, paying the premium therefor, and that such payment becomes a part of the mortgage security, and, after demand made by the mortgagee, if the mortgagor fails to pay such premium, the whole of the principal sum and interest secured by the mortgage shall, at the option of the mortgagee, become due and payable. There are no allegations in plaintiff's complaint that he procured this insurance to be made upon the failure of the defendant to conform to his agreement, or that any demand was ever made upon the defendant for any premium paid by the plaintiff for such insurance. In the absence of these allegations the complaint does not state a cause of action.

The motion of the defendant to dismiss the plaintiff's complaint is granted, with costs.

*Motion granted, with costs.*