Charles W. Marlatt, Plaintiff, v. Lester R. Holdridge et al., Defendants.

(Supreme Court, Steuben Equity Term, November, 1916.)

Foreclosure — of mortgages — insurance (fire) — option to declare whole sum secured by mortgage due and payable — Real Property Law, § 254(3).

    Where a mortgagor of real estate, after repeated demands, fails to have the buildings thereon insured and permits them to become vacant, making it impossible for the mortgagee to effect such insurance, he is, under the usual insurance clause of the mortgage giving him the option to declare the whole sum secured by the mortgage due and payable, authorized by section 254(3) of the Real Property Law to bring an action to foreclose because of the mortgagor's breach of his covenant to insure.

Action to foreclose real estate mortgage.

Burton W. Sly, for plaintiff.

Herbert A. Heminway, for defendant Spaulding.

CLARK, J. Defendants Holdridge gave to plaintiff a mortgage covering farm property in Avoca, to secure the payment of the sum of $1,500. After the mortgage was given, defendant Spaulding became the owner of the property, and assumed the payment of this mortgage as part of the purchase price. The mortgage contained the usual insurance clause, to the effect that the mortgagor would keep the buildings on the premises insured for the benefit of the mortgagee, and in companies approved by him, and assign and deliver the policy to the mortgagee, and in case the mortgagor failed to effect such insurance the mortgagee might do so, and the premiums paid for such insurance would be added to the mortgage debt, etc.

All payments of principal and interest in this case had been made when due, but the difficulty arises over the failure of the mortgagor to keep the buildings insured for the benefit of the mortgagee, as provided by the terms of the mortgage.

The mortgagor procured a policy for the prescribed amount, and handed it to the mortgagee, but it was discovered that it was issued by an assessment company, which was unsatisfactory to the mortgagee, and it further provided that in case the buildings insured were permitted to become vacant the company would only pay two-thirds of the amount of the policy.

The policy did not, therefore, comply with the terms of the mortgage, and the mortgagee promptly returned it to the mortgagor, stating his objections. The mortgagee had repeatedly requested the mortgagor to have the buildings occupied, and to effect proper insurance, which the mortgagor failed to do after such demands.

The mortgagee then attempted to have the buildings insured, and went to every insurance agent in his

Supreme Court, November, 1916. [Vol. 97.

town for that purpose, but was unable to procure any insurance on the property because of the fact that it was farm property, and the buildings were vacant.

After the mortgagee (plaintiff) had requested that the mortgagor get the buildings occupied and have them insured for the benefit of the mortgagee, and he had failed to do so, the plaintiff elected to declare the whole sum secured by the mortgage due and payable, and commenced this action to foreclose it.

Defendant Spaulding contends that plaintiff cannot maintain this action, for the reason that he had not procured insurance to be made upon the failure of the mortgagor to do it, and that he had never paid any premiums for such insurance, or demanded payment thereof of the mortgagor, and he cites the case of *Bumpus* v. *Willett,* 55 Misc. Rep. 94, to sustain his contention.

That is a County Court case, nowhere cited or approved, so far as I have been unable to discover, and the facts are not quite in accord with the facts in this case. In that case, while the mortgagee had not effected insurance and paid premiums, he had apparently made no effort to do so. In this case, the mortgagee endeavored to protect himself by trying to get the buildings insured, and was unable to do so for the sufficient reason that the mortgagor had permitted the buildings to become and remain vacant, and insurance companies would not take risks on vacant farm buildings.

The property without the buildings is clearly not of sufficient value to furnish plaintiff adequate security for his mortgage debt, and, if defendant's position was held to be correct, plaintiff's security would be jeopardized, and he would be helpless.

I do not think that the insurance clause would justify any such construction as that urged by defend-

ant. When the mortgagor had failed, after repeated demands, to get the buildings insured, and assign and deliver the policy to the mortgagee, according to the terms of the contract, and had permitted the buildings to become vacant, rendering it impossible for the mortgagee to effect such insurance, the latter should not be compelled to sit supinely by and run the risk of losing his security by the possible burning of the buildings, and have no remedy.

The actions of the mortgagor, above referred to, justified the mortgagee in protecting himself in the only way possible under the circumstances, and that was to exercise his option of declaring the mortgage debt due and payable. Real Prop. Law, § 254, subd. 3.

The beneficial purposes of section 254 of the Real Property Law would be entirely thwarted if a mortgagor could virtually destroy the security by failing to insure the buildings for the benefit of the mortgagee, and by his own acts render it impossible for the latter to effect such insurance.

Defendants' motion to dismiss the complaint, made at the opening of the case, and on which motion decision was reserved, is denied.

Judgment is directed in favor of the plaintiff for the relief demanded in the complaint.

Judgment for plaintiff.