WALTER H. WILLIAMS, Plaintiff, *v.* WISNER BUILDING CO., INC., Defendant.

Supreme Court, New York Special Term, May, 1923.

Mortgages — covenant to insure — no right in mortgagee to foreclose because policy was not physically delivered.

Where mortgaged premises have been insured by the mortgagor against loss by fire in compliance with his covenant, the fact that the policy was not physically delivered by him to the mortgagee for whose benefit it was taken out, after demand and before suit, neither authorizes the mortgagee to commence an action to foreclose the mortgage because of the mortgagor's failure to insure, nor to exercise any rights under a provision of the mortgage that "the whole of said principal sum shall become due at the option of the mortgagee upon any default in keeping the buildings on the premises insured against loss by fire," as required by the covenant of the mortgagor.

Upon the trial of an action to foreclose the mortgage for breach of the mortgagor's covenant, it appeared that the mortgaged premises had been and are insured by a policy taken out by defendant, loss, if any, payable to the plaintiff and covering in duration of time and amount the mortgage in suit. It further appeared that said policy had been mislaid and although it was not delivered to plaintiff by defendant until after the commencement of the action it was retained by plaintiff who produced it at the trial. *Held*, that defendant was entitled to judgment for a dismissal of the complaint, with costs and an extra allowance.

Section 254(4) of the Real Property Law, which if relied upon for a construction of the insurance clause must be taken *in toto*, applies only when the parties have not otherwise provided for a different construction of said clause and the rights of the mortgagee, in case of the failure of the mortgagor to effect insurance.

ACTION to foreclose a mortgage.

*William B. Davis,* for plaintiff. '

*David Elgot,* for defendant.

DAVIS, J.   This action brought to foreclose a mortgage is based upon the failure of the mortgagee to comply with the terms of subdivision 2 of the mortgage, to wit, " that the mortgagor will keep the buildings on the premises insured against loss by fire for the benefit of the mortgagee."   The complaint alleges that the defendant did not insure the mortgaged premises and asserts the right under subdivision 11 of the mortgage, which provides " that the whole of said principal sum shall become due at the option of the mortgagee upon any default in keeping the buildings on the premises insured against loss by fire as required by paragraph 2 above," to bring this action, alleging that because of the failure of the defendant to insure, the plaintiff had elected that the whole principal sum should become due.   It appears that the property was and is insured by a policy of insurance taken out by defendant, the loss, if any, payable to the mortgagee in suit, which policy covered in duration of time and amount the mortgage in question.   The policy appears to have been mislaid and was not delivered to plaintiff by defendant until after the commencement of this action, having been, however, retained by plaintiff since its receipt by him and being produced by him at the trial.   The mortgage is in the short form, with special clauses inserted therein.   The form of a mortgage is simply a matter of contract.   Section 254, subdivision 4, of the Real Property Law must be taken *in toto* if it is to be relied upon for a construction of the insurance clause.   This section is only applicable when the parties have not otherwise provided for a different construction of the insurance clause and the rights of the mortgagee in case of failure of the mortgagor to effect insurance.   In this case the right of the mortgagee in case the mortgagor failed to insure was, by subdivision 11 of the mortgage, an absolute right to exercise the option that the principal sum should become due.   This absolute right to exercise such option is not given in the first instance under section 254, subdivision 4, of the Real Property Law, and, therefore, the construction given by the statute to the insurance clause is not applicable to the facts under consideration.   The plaintiff by bringing this action on the covenants in the mortgage has so construed them.   *Mutual Benefit Loan Co.* v. *Jaeger,* 34 App. Div. 90.   The property having been insured as provided by subdivision 2 of the mortgage, the plaintiff is not authorized by the mortgage to exercise any rights under the

acceleration clause or bring this action simply because the policy had not been physically delivered to the plaintiff by the defendant after demand and before suit. Judgment for defendant dismissing complaint, with costs and fifty-five dollars allowance. Findings passed upon. Submit decision and judgment.

Judgment accordingly.