George Eilperin, J.
In an action to foreclose a mortgage both sides move for summary judgment. Plaintiff has elected to invoke the acceleration clause of paragraph 14 of the mortgage. It reads as follows: “ 14. That the whole of said *462 principal sum and the interest shall become due at the option of the mortgagee: (a) after failure to exhibit to the mortgagee, within 10 days after demand, receipts showing payment of all the taxes, water rates, sewer rents and assessments * * *.”
On November 5,1959 plaintiff’s attorneys wrote to defendant: “ Will you please deliver to me receipts showing payments of all New York City Real Estate Taxes up to and through October 15, 1959 indicating payment of same.”
Receipts showing the payment of the taxes were not exhibited until December 16,1959. In the meanwhile, however, plaintiff on November 18, 1959 filed a Us pendens and the summons and complaint herein with the Oounty Clerk of Kings County and on November 20, 1959 served the summons and complaint upon the Attorney-General of the State of New York. The defendant voluntarily appeared in the action on December 28, 1959.
The plaintiff bases his right to invoke the afore-mentioned acceleration clause on the ground that the defendant failed to comply with his request of November 5 within the period of 10 days. No claim is made that any taxes were in default.
Aside from the other contentions made by the defendant, it is asserted that no default occurred under the 14th provision of the mortgage since the request made by the plaintiff was not a ‘ ‘ demand ’ ’ as specified in the aforesaid provision.
The legal signification of the word ‘‘ demand ’ ’ as used in practice is: “A requisition or request to do a particular thing specified under a claim of right on the part of the person requesting.” (Bouvier’s Law Dictionary [Rawle’s 3d rev.]; see Zimmerman v. Hicks, 7 F. 2d 443.) The demand “ may be couched in the customarily-used polite language of the day. All that is required is the assertion of the right under the contract and a request for the compliance therewith.” (National Life & Acc. Ins. Co. v. Dove, 141 Tex. 464, 467.)
The letter by the attorneys to the defendant falls far short of measuring up to the requirements of what constitutes a legial demand. It does not in any Avay. indicate that the request is made under a claim of right under the mortgage, nor does it request compliance theremth. Even assuming arguendo, as plaintiff contends, that subdivision 8 of section 254 of the Real Property Law equates a request Avith a demand, the said section and subdivision have no application to a clause not defined (therein. (Williams v. Wisner Bldg. Co., 121 Misc. 32, affd. 208 App. Div. 783.) Paragraph 14 is not defined in section 254 of the Real Property Law.
*463 Accordingly, defendant’s motion for summary judgment is granted and plaintiff’s motion is denied. Defendant’s request for cancellation of the lis pendens on the grounds that plaintiff did not prosecute the action in good faith is denied. There is insufficient showing of bad faith on the part of the plaintiff. The request for an award of an additional allowance pursuant to section 1513 of the Civil Practice Act is denied. Settle order on notice.