14-4180-cv
Weaver v. Axis Surplus Insurance Company

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of March, two thousand sixteen.

PRESENT:  JOHN M. WALKER, JR.,
           REENA RAGGI,
           PETER W. HALL,
             *Circuit Judges*.

-----------------------------------------------------------------------
EDWARD MORRIS WEAVER, an individual,
           *Plaintiff-Appellant*,

           v.                                                    No. 14-4180-cv

AXIS SURPLUS INSURANCE COMPANY, an Illinois corporation,
           *Defendant-Appellee*,
-----------------------------------------------------------------------

APPEARING FOR APPELLANT:      JAMES W. SPERTUS (Ezra D. Landes, *on the brief*), Spertus, Landes & Umhofer, LLP, Los Angeles, California.

APPEARING FOR APPELLEE:      MATTHEW I. SCHIFFHAUER, Kaufman Borgeest & Ryan LLP, Valhalla, New York.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 3, 2014, is AFFIRMED.

Plaintiff Edward Morris Weaver, former CEO of Multivend, LLC, sued defendant Axis Surplus Insurance Company for breach of contract and a declaratory judgment, challenging its refusal to provide coverage under Multivend's directors and officers liability insurance policy (the "Policy") in a criminal prosecution brought against him by the U.S. Department of Justice (the "DOJ"). On appeal from a pre-discovery award of summary judgment to Axis, Weaver argues the district court erred in determining as a matter of law that the Policy excluded coverage for defense of the DOJ action because it related to a claim first made prior to the Policy's effective period. Because the parties do not dispute the underlying material facts, the case turns on the interpretation of an insurance contract, a question of law that we review <u>de novo</u>. <u>See</u> <u>CGS Indus., Inc. v. Charter Oak Fire Ins. Co.</u>, 720 F.3d 71, 76 (2d Cir. 2013); <u>see also</u> <u>MBIA Inc. v. Fed. Ins. Co.</u>, 652 F.3d 152, 165 (2d Cir. 2011) (stating that insurer bears burden of proving that claim falls within scope of exclusion).[1]

---

[1] The parties agree that New York law governs this diversity action.

In conducting this review, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm, largely for reasons stated by the district court in its thorough and well-reasoned opinion. See Weaver v. Axis Surplus Ins. Co., No. 13-CV-7374 (SJF)(ARL), 2014 WL 5500667 (E.D.N.Y. Oct. 30, 2014). The district court determined that the Policy's "Exclusions" in section IV and "Limits of Liability" under section V provided independent and alternative grounds for Axis's refusal to defend in the criminal action. Because we reach that same conclusion as to Section IV, we do not address Section V.[2] See, e.g., New York Univ. v. Cont'l Ins. Co., 87 N.Y.2d 308, 323, 639 N.Y.S.2d 283, 292 (1995) (observing that "coverage is the net total of policy inclusions minus exclusions").

Section IV.A.2.a of the Policy excludes coverage for "any **Claim** . . . in any way involving . . . any demand, suit or other proceeding pending . . . against any **Insured** on or prior to [February 20, 2008], or any **Wrongful Act**, fact, circumstance or situation underlying or alleged therein." J.A. 169; see also id. at 158.[3] Weaver does not dispute that the DOJ action constitutes a "Claim," or that the DOJ action involves the same facts and circumstances underlying the November 26, 2007 letter that Multivend received from the Securities Division of the Maryland Attorney General's Office (the "Division").

---

[2] Nor do we address Weaver's claim for breach of a duty of good faith and fair dealing, which he does not pursue on appeal. See Jackler v. Byrne, 658 F.3d 225, 233 (2d Cir. 2011) (stating that such claims not raised in brief are deemed abandoned).

[3] The Policy applies boldface type to defined terms.

3

Rather, Weaver contends only that the November 2007 Letter was not a "demand" within the meaning of section IV.A.2.a. We disagree.

Although "demand" is not a term defined in the Policy, under New York law, "a demand requires an imperative solicitation for that which is legally owed," as distinguished from a request carrying no legal consequences. Gil Enters., Inc. v. Delvy, 79 F.3d 241, 246 (2d Cir. 1996) (citing Gershman v. Barted Realty Corp., 22 Misc.2d 461, 462, 198 N.Y.S.2d 664, 665 (Sup. Ct. 1960) (defining "demand" as "[a] requisition or request to do a particular thing specified under a claim of right on the part of the person requesting" (emphasis added) (internal quotation marks omitted)). The November 2007 Letter satisfies these requirements. To determine "the extent of [Multivend's] compliance" with the Maryland Business Opportunity Sales Act (the "Act"), Md. Code Ann., Bus. Reg. §§ 14-101 to -129, the Division insisted not only that Multivend provide certain documents and information, but also "that [MultiVend] acknowledge in writing that it will immediately cease all offers and sales of the Vendstar business opportunity to Maryland residents." J.A. 250–51. The Letter explained that the Division made these requests pursuant to its "authority to investigate and take action against any person who violates" the Act, including by bringing a civil action seeking, inter alia, injunctive relief. Id. at 249. Although the Letter did not state that Multivend was, in fact, in violation of the Act, it did state that Multivend's "[f]ailure to respond may result in more formal legal action." Id. at 251. This was sufficient to make the November 2007 Letter a "demand" because it

4

set forth the Division's request under a claim of right, including its entitlement to the documents identified therein, and put Multivend on notice of the legal consequences of any failure to comply. See Gil Enters., Inc. v. Delvy, 79 F.3d at 246.

No different conclusion is warranted by Weaver's arguments to the contrary. That the Division asked Multivend to "[p]lease confirm whether the company agrees to voluntarily cease" its offers and sales did not render "precatory," Appellant Br. 12, its request "that [Multivend] acknowledge in writing" that it would do so. J.A. 251; see Gershman v. Barted Realty Corp., 22 Misc.2d at 462, 198 N.Y.S.2d at 665 ("The demand may be couched in the customarily-used polite language of the day. All that is required is the assertion of the right . . . and a request for compliance therewith." (internal quotation marks omitted)); see also MBIA Inc. v. Fed. Ins. Co., 652 F.3d at 161 (explaining that where SEC believed target would comply on voluntary basis, insurer could not require that insured "suffer extra public relations damage to avail itself of coverage a reasonable person would think was triggered by the initial investigation"). Nor does Weaver's assertion that the Letter failed to provide notice of any "drastic legal repercussions" withstand scrutiny, Appellant Br. 27, because the Letter underscored the Division's authority to seek specific forms of monetary and nonmonetary relief, and threatened "more formal legal action" in the event that Multivend did not "prompt[ly] and complete[ly]" respond, J.A. 251. In any event, the Division was not obligated to advise Weaver of the "specific consequences" of failing to provide the information it sought, so long as the Letter made clear that it was not

5

just a "mere request for information." Gil Enters., Inc. v. Delvy, 79 F.3d at 246. Insofar as Weaver contends this construction inappropriately "cobble[s] together two unrelated portions of the Maryland AG's letter," Appellant Br. 26, the argument fails because we must construe the document as a whole. See MBIA Inc. v. Fed. Ins. Co., 652 F.3d at 160–61.

Because the November 2007 Letter constituted a "demand" as a matter of New York law, section IV.A.2.a of the Policy unambiguously excluded coverage for Weaver's defense of the DOJ action on the grounds that it involves the same facts and circumstances as the Letter, which predated section IV's Pending and Prior Claims Date. Accordingly, the district court correctly awarded summary judgment to Axis on this basis.[4]

---

[4] Weaver further insists that Axis owed a duty to defend pending resolution of this dispute, even if coverage was properly denied. See Appellant Br. 50 (citing CGS Indus., Inc. v. Charter Oak Fire Ins. Co., 720 F.3d at 80). However, by failing to raise this claim in the district court—notwithstanding his opportunities to do so—Weaver has forfeited it on appeal. See In re Nortel Networks Corp. Sec. Litig., 539 F.3d 129, 133 (2d Cir. 2008). Weaver's argument that he preserved this claim by seeking declaratory relief in his complaint fails because he did not assert in response to Axis's motion for summary judgment that the term "demand" suffered from any factual, legal, or contractual uncertainty sufficient to impose upon Axis a duty to defend him until the dispute was definitively resolved. Cf. Hugo Boss Fashions, Inc. v. Fed. Ins. Co., 252 F.3d 608, 620 (2d Cir. 2001). Indeed, Weaver does not here assert that the district court erred in failing to address such a claim.

\* \* \* \*

We have considered Weaver's remaining arguments and conclude that they are without merit.   Accordingly, the judgment of the district court is AFFIRMED.

<div style="margin-left:40%">

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

</div>